IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAVINO BRAXTON, | No. 4:21-CV-00544 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN RADM S. SPAULDING, | |
| Respondent. | |

MEMORANDUM OPINION

APRIL 16, 2021

Currently pending before the Court is Savino Braxton's emergency 28 U.S.C. § 2241 petition in which he seeks release from custody at the United States Penitentiary Lewisburg's prison camp in Lewisburg, Pennsylvania ("USP Lewisburg").[1] Braxton contends that he is entitled to release to home confinement or, alternatively, a sentence of time served, due to the COVID-19 pandemic and his particular susceptibility to the virus.[2]

I.   BACKGROUND

In 2015, Braxton was convicted of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841, and was sentenced to 240 months' imprisonment, along with a consecutive 6-month sentence for contempt.[3] Braxton is now serving

---

[1] Doc. 1.
[2] *Id.*
[3] *United States v. Braxton*, No. CR JKB-09-478, 2020 WL 4748536, at *1 (D. Md. Aug. 17, 2020).

his federal sentence at USP Lewisburg and has a projected release date of August 16, 2024.[4]

Braxton has filed this emergency § 2241 petition seeking release to home confinement or a reduction of his sentence to time served.[5] Braxton asserts that he is 64 years of age and suffers from sarcoidosis, obesity, gout, and hypertension, all of which present a "risk of severe illness or possibly death brought on by the continuous global pandemic of COVID-19."[6] Braxton alleges that his continued detention violates his Fifth Amendment rights because the Bureau of Prisons ("BOP") has failed to take adequate precautions to protect him from COVID-19.[7]

The Government responds that Braxton's petition should be dismissed or denied for three reasons. First, the Government asserts that Braxton has failed to exhaust his administrative remedies, as required prior to filing a § 2241 petition.[8] Second, the Government contends that this Court lacks jurisdiction to consider Braxton's petition, as discretion to grant release to home confinement rests solely with the BOP.[9] Finally, the Government argues that, even if Braxton's petition could

---

[4]  Braxton's sentence was subsequently reduced to 168 months' imprisonment after he filed a motion for compassionate release. *See id.* at *5.
[5]  Doc. 1.
[6]  *Id.* at 9; *see id.* at 1, 8, 21.
[7]  *Id.* at 13-21.
[8]  Doc. 11 at 5-10.
[9]  *Id.* at 10-23.

properly be considered, his claim is without merit.[10] For the following reasons, Braxton's § 2241 petition will be dismissed without prejudice.

## II.   DISCUSSION

Braxton asserts that he is highly susceptible to serious illness or death from COVID-19 due to his age and health conditions and, accordingly, is entitled to home release or a reduced sentence.[11] Regardless of the merits—or lack thereof—of Braxton's petition, the Court concludes that the petition must be dismissed due to Braxton's failure to exhaust his administrative remedies.

The United States Court of Appeals for the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241."[12] The Third Circuit "require[s] exhaustion for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."[13] A failure to exhaust administrative remedies "bars judicial review."[14]

Nevertheless, "[t]he administrative exhaustion requirement may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would

---

[10]   *Id.* at 23-25.
[11]   Doc. 1.
[12]   *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000).
[13]   *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996).
[14]   *Id.* at 761.

not be served."[15] Pursing administrative remedies is futile "if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm."[16]

To fully exhaust one's administrative remedies, an inmate must first seek to resolve the issue informally with staff using a BP-8 form[17] and, if that is unsuccessful, must file an administrative remedy request (BP-9 form) with the Warden of the institution within "20 calendar days following the date on which the basis for the Request occurred."[18] If that is denied, the prisoner must submit an appeal to the BOP Regional Director, within twenty calendar days of the date the Warden signed the denial.[19] If the Regional Director denies the appeal, an inmate must, within thirty days of that denial, appeal that decision to the BOP General Counsel.[20] Only when this is complete has an inmate exhausted his administrative remedies.[21]

Here, it is clear that Braxton has failed to exhaust his administrative remedies. On February 6, 2020, Braxton filed an administrative request regarding the denial of

---

[15] *Gross v. Warden, USP Canaan*, 720 F. App'x 94, 98 (3d Cir. 2017) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005)).
[16] *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).
[17] 28 C.F.R. § 542.13(a).
[18] *Id.* § 542.14(a).
[19] *Id.* § 542.15(a).
[20] *Id.*
[21] *See id.* ("Appeal to the General Counsel is the final administrative appeal").

4

home confinement; that request was denied because Braxton had not submitted it through an authorized staff member, and Braxton was told to resubmit his request through the appropriate channels.[22] Braxton appealed that denial to the Regional Office, but the appeal was rejected because Braxton had failed to first submit a BP-9 to the Warden at his location of confinement.[23] Braxton thereafter appealed to the BOP's Central Office, but that appeal was rejected because he had failed to first perfect his appeal at the appropriate level.[24]

Simultaneously, on March 11, 2020, Braxton filed a separate BP-8 form that properly requested reconsideration of the BOP's denial of his request for home confinement.[25] That request was denied on its merits, but Braxton failed to appeal that decision.[26] Because Braxton failed to follow the appropriate procedures in his administrative filings, he has not exhausted his administrative remedies. Braxton impliedly concedes this point when he asserts that "the [C]ourt should 'waive' the § 2241 full exhaustion of remedy [sic] requirement, and excuse me from completing the remaining administrative process" because exhausting those remedies would be futile.[27]

---

[22] Doc. 11-1 at 25.
[23] Id. at 26.
[24] Id. at 27.
[25] Id. at 26.
[26] Id.
[27] Doc. 1 at 9-10.

Thus, the Court may examine the merits of Braxton's petition only if he demonstrates that it would have been futile for him to pursue his administrative remedies. Braxton asserts that exhaustion of his administrative remedies would be futile for two reasons. First, he asserts that exhaustion is futile because he sent "a written informal resolution[] attempt for compassionate release via electronic trulinc e-mail to the Warden on January 21, 2021, within days after arriving at [USP Lewisburg], but to no avail, as the Warden 'never' answered or responded to [his] electronic communication."[28] Braxton asserts that, by failing to respond, the Warden rendered the administrative grievance process unavailable to Braxton.[29] Second, Braxton asserts that the severity of COVID-19 and his susceptibility to that virus create a situation where Braxton should not be required to take the time necessary to exhaust his administrative remedies.[30]

The Court rejects these arguments. First, as to the Warden's failure to respond to Braxton's email, that action alone cannot render the administrative process unavailable to Braxton. The administrative grievance procedure must be initiated through the filing of a BP-8 form, as Braxton is aware from having filed that form previously.[31] Put simply, the Warden's failure to respond to Braxton's email does

---

[28] *Id.* at 10-11; *see id.* at 9-11.
[29] *Id.* at 9-11.
[30] *Id.* at 11-12.
[31] *See* Doc. 11-1.

not render the administrative grievance process unavailable because an email to the Warden is not a part of that process.

Second, COVID-19 alone cannot render the administrative process unavailable. As an initial matter, Braxton has "not demonstrate[d] any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP."[32] To the contrary, USP Lewisburg have taken numerous steps to ensure the safety of its inmates. All inmates are screened upon arrival at USP Lewisburg and are tested for COVID-19; any inmates who are symptomatic or who test positive are quarantined.[33] Staff, contractors, and other visitors are screened for COVID-19 prior to entering the facility and, to the extent possible, staff are assigned to the same posts to avoid any rotation of staff members within the facility.[34] As a result of these measures, there are currently no active cases of COVID-19 among inmates at USP Lewisburg.[35] Braxton has thus failed to demonstrate that he will likely come into contact with COVID-19 at USP Lewisburg.

Moreover, any purported urgency on Braxton's part in bypassing the administrative process to file a § 2241 petition is belied by the timing of this petition and Braxton's own actions. Braxton sent his email to the Warden at USP Lewisburg

---

[32] *Cordaro v. Finley*, No. 3:10-CR-75, 2020 WL 2084960, at *6 (M.D. Pa. Apr. 30, 2020).
[33] Doc. 11 at 21.
[34] *Id.* at 21-22.
[35] Doc. 11-1 at 29.

on January 21, 2021.[36] After failing to receive a response to that email, Braxton did not immediately file a § 2241 petition; rather, he waited more than two months after he sent the email to file this petition, during which time he could have attempted to exhaust his administrative remedies.

More importantly, Braxton has twice refused COVID-19 vaccines; on January 25, 2021, Braxton refused the Moderna vaccine, and on March 23, 2021, he refused the Pfitzer-BioNTech vaccine, both of which are highly effective at not just preventing a COVID-19 infection, but at preventing serious illness or death as a result of a COVID-19 infection.[37] As courts have noted in other contexts, a "decision to refuse the vaccine flies in the face of any medical recommendation regarding the vaccines. While [a prisoner] is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications [from COVID-19] while refusing a vaccine that could virtually eliminate that risk."[38] Similarly, Braxton cannot refuse two highly effective and safe vaccines—vaccines that millions of Americans are currently desperate to obtain—and simultaneously claim that the COVID-19 pandemic is so threatening to his health and of such urgency that he cannot take the time necessary to properly exhaust his administrative remedies.

---

[36] Doc. 1 at 11.
[37] Doc. 11-1 at 37. This Court has previously recognized the effectiveness of the Moderna COVID-19 vaccine. *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *2-3 (M.D. Pa. Mar. 11, 2021).
[38] *United States v. Jackson*, No. 15-CR-2607, 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021).

Accordingly, the Court concludes that Braxton has failed to "clearly show[] [administrative remedies] to be inadequate to prevent irreparable harm."[39] Because Braxton's failure to exhaust his administrative remedies may not be excused, his petition must be dismissed without prejudice to his right to refile should he exhaust his administrative remedies in the future.[40]

## III.   CONCLUSION

For the foregoing reasons, Braxton's 28 U.S.C. § 2241 petition will be dismissed without prejudice.[41]

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[39]  *Lyons*, 840 F.2d at 205.
[40]  *See Pelino v. Sec'y Pa. Dep't of Corr.*, 791 F. App'x 371, 373 (3d Cir. 2020) (noting that "because [Appellant] could pursue his claims in a new action after exhausting his administrative remedies, . . . dismissal should [be] without prejudice").
[41]  Although the Court has not reached the merits of Braxton's underlying claims, it notes that the absence of any COVID-19 cases at USP Lewisburg, along with the BOP offering Braxton—and Braxton refusing—two separate COVID-19 vaccines, strongly undermines any assertion that USP Lewisburg has been deliberately indifferent to Braxton's health and safety.